Muriel B. Kaplan, Esq. (SBN 124607)
Michele R. Stafford, Esq. (SBN 172509)
SALTZMAN & JOHNSON LAW CORPORATION
120 Howard Street, Suite 520
San Francisco, CA 94105
(415) 882-7900
(415) 882-9287 – Facsimile
mkaplan@sjlawcorp.com
mstafford@sjlawcorp.com

Attorneys for Plaintiff
BAY AREA PAINTERS AND TAPERS
PENSION FUND, et al.

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BAY AREA PAINTERS AND TAPERS PENSION FUND, BAY AREA PAINTERS AND TAPERS HEALTH FUND, BAY AREA PAINTERS AND TAPERS JOINT APPRENTICESHIP TRAINING FUNDS, AND THEIR JOINT BOARDS OF TRUSTEES; LES PROTEAU AND CHARLES DEL MONTE, AS TRUSTEES; AND DISTRICT COUNCIL 16 OF THE INTERNATIONAL UNION OF PAINTERS AND ALLIED TRADES;<br><br>Plaintiffs,<br><br>v.<br><br>CRYSTAL NICOLE THOMAS, individually and dba CALIFORNIA PROFESSIONAL PAINTING,<br><br>Defendants. | Case No.: C07-3344 PJH<br><br>**JUDGMENT PURSUANT TO STIPULATION** |

1.  Defendants entered into a valid collective bargaining agreement with the District Council 16 of the International Union of Painters and Allied Trades (hereinafter "Bargaining Agreement"). This Bargaining Agreement has continued in full force and effect to the present time.

-1-
**JUDGMENT PURSUANT TO STIPULATION**
**Case No.: C07-3344 PJH**

P:\CLIENTS\PATCL\CALPRO2\Pleadings\Complaint 062507\C07-3344 PJH Judgment Pursuant to Stipulation 113007.doc

2. Defendants have become indebted to the Plaintiff Trust Funds for amounts due and owing under the terms of the Collective Bargaining Agreement and Trust Agreements as follows[1]:

| | |
|---|---:|
| Contributions | $24,344.58 |
| Liquidated Damages | $4,054.06 |
| Interest (through date paid or 11/21/07 | $1,873.45 |
| Attorneys Fees (6/25/07-11/21/07) | $5,869.50 |
| Costs of Suit (including service) | $821.50 |
| **SUBTOTAL** | **$36,963.09** |
| Credit for 11/21/07 payment | ($5,000.00) |
| **TOTAL AMOUNT DUE** | **$31,963.09** |

3. Defendants shall pay the amount of **$31,963.09** as follows: beginning on December 20, 2007, and continuing on or before the 20th of every month thereafter for a period of 12 months (through November 20, 2008), defendants shall pay to plaintiffs **$2,766.00** per month. Defendants shall have the right to increase the monthly payments at any time. The payments may be made by joint check, endorsed by defendants prior to submission to plaintiffs.

Defendants believe that payments may have been made that were not credited to their account. Upon presentation of satisfactory proof of payment, and upon verification by plaintiffs' administrator that they payments were in fact made, plaintiffs will amend this stipulation (if required) to update the amounts due and amend the payment amount accordingly.

(a) Payments shall be applied first to unpaid interest at the rate of 7% per annum on the unpaid principal balance, in accordance with plaintiffs' Trust Agreements.

(b) Payments shall be made to the *Bay Area Painters and Tapers Trust Funds*, and delivered to Michele R. Stafford, Saltzman & Johnson Law Corporation, 120 Howard Street, Suite 520, San Francisco, CA 94105 **on or before the 20th of each month as stated above**, or to such other address as may be specified by plaintiffs. In the event that any check is not timely submitted or submitted by defendant but fails to clear the bank, or is unable to be negotiated for

---

[1] Attached as Exhibit A is the Trust Fund administrator's spreadsheet breaking down the amounts on a month by month basis.

any reason, this shall be considered to be a default on the Judgment entered. If this occurs, plaintiffs shall make a written demand to defendants to cure said default. Default will only be cured by the issuance of a replacement **cashier's check** (in the event the check did not clear the bank) delivered to Saltzman and Johnson Law Corporation within five (5) days of the date of the notice from plaintiffs. If defendants elect to cure said default, and plaintiffs elect to accept future payments, all such payments shall be made by cashier's check at plaintiffs' request. In the event default is not cured, all amounts remaining due hereunder shall be due and payable on demand by plaintiffs.

4. Beginning with contributions due for hours worked by defendants' employees during the month of October 2007, to be postmarked no later than November 15, 2007, and which are delinquent if not received by November 30, 2007, and for every month thereafter until this judgment is satisfied, defendant *shall remain current in contributions* due to plaintiffs under the current Collective Bargaining Agreement and under all subsequent collective bargaining agreements, if any, and the Declarations of Trust as amended. **Defendants shall fax a copy of the contribution report for each month, together with a copy of that payment check, to Michele R. Stafford at 415-882-9287, prior to sending the payment to the Trust Fund office. To the extent that defendants are working on a Public Works job,** *or any other job for which Certified Payroll Reports are required,* **copies of said Reports will be faxed to Michele R. Stafford concurrently with their submission to the general contractor, owner or other reporting agency.** Failure by defendants to remain current in its contributions shall constitute a default of the obligations under this agreement and the provisions of Paragraph 6 shall apply. Any such unpaid or late paid contributions, together with 10% liquidated damages and 7% per annum interest accrued on the total contributions and liquidated damages, shall be added to and become a part of this Judgment and subject to the terms herein. Plaintiffs reserve all rights available under

-3-
JUDGMENT PURSUANT TO STIPULATION
Case No.: C07-3344 PJH

the applicable Bargaining Agreement and Declarations of Trust of the Trust Funds for collection of current and future contributions and the provisions of this agreement are in addition thereto.

5. Prior to the last payment pursuant to this Stipulation, plaintiffs shall advise defendants, in writing, of any additional amounts owed pursuant to this Stipulation, *which shall include, but not be limited to, any additional attorneys fees and costs incurred in this matter.* Said amount shall be paid with the last payment, on or before November 20, 2008. In the event that the requested waiver of liquidated damages is not granted, this amount shall be included and paid with the final payment hereunder.

6. In the event that defendants fail to make any payment required under Paragraph 3 above, or fail to remain current in any contributions under paragraph 4 above, then,

(a) The entire balance of **$31,963.09** plus interest, reduced by principal payments received by Plaintiffs, but increased by any unpaid contributions then due, plus 10% liquidated damages and 7% per annum interest thereon as provided in above paragraph 4 shall be immediately due, together with any additional attorneys' fees and costs under section (d) below.

(b) A writ of execution may be obtained against defendants without further notice, in the amount of the unpaid balance, plus any additional amounts under the terms herein, upon declaration of a duly authorized representative of the plaintiffs setting forth any payment theretofore made by or on behalf of defendants and the balance due and owing as of the date of default. In the event that a writ is requested for the amount of the Judgment only (with no credits or additional amounts identified), a declaration is not required.

(c) Defendants waive notice of entry of judgment and expressly waive all rights to stay of execution and appeal. The declaration or affidavit of a duly authorized representative of plaintiffs as to the balance due and owing as of the date of default (if required above pursuant to (b) shall be sufficient to secure the issuance of a writ of execution.

-4-
**JUDGMENT PURSUANT TO STIPULATION**
**Case No.: C07-3344 PJH**

(d) Defendants shall pay all additional costs and attorneys' fees incurred by plaintiffs in connection with this matter until the Judgment is satisfied.

7. Any failure on the part of the plaintiffs to take any action against defendants as provided herein in the event of any breach of the provisions of this Stipulation shall not be deemed a waiver of any subsequent breach by the defendants of any provisions herein.

8. Plaintiffs specifically reserve all rights to bring a subsequent action against defendants for the collection of any additional contribution delinquencies found to be due for the hours worked during the periods preceding the date of this Stipulation. This shall include, but not be limited to additional amounts found due an audit or via documentation obtained or submitted by employees or other individuals relative to work performed for defendants. Defendants specifically waive the defense of the doctrine of res judicata in any such action.

9. In the event of the filing of a bankruptcy petition by defendants, the parties agree that any payments made by defendants pursuant to the terms of this judgment, shall be deemed to have been made in the ordinary course of business as provided under 11 U.S.C. Section 547(c)(2) and shall not be claimed by defendants as a preference under 11 U.S.C. Section 547 or otherwise. Defendants nevertheless represent that no bankruptcy filing is anticipated.

10. Should any provision of this Agreement be declared or determined by any court of competent jurisdiction to be illegal, invalid, or unenforceable, the legality, validity, and enforceability of the remaining parts, terms or provisions shall not be affected thereby and said illegal, unenforceable or invalid part, term, or provision shall be deemed not to be part of this Agreement.

11. Defendants each represent and warrant that they have had the opportunity to be or have been represented by counsel of their own choosing in the analysis of this Agreement and the

terms and conditions set forth herein, that they have read this Agreement with care and are fully aware of and understand that they enter into this Agreement voluntarily.

12.  This Agreement may be executed in any number of counterparts and by facsimile, each of which shall be deemed an original and all of which shall constitute together one and the same instrument.

Dated: November 30, 2007    CRYSTAL NICOLE THOMAS, individually

*/s/ Thomas/*

Dated: November 30, 2007    CALIFORNIA PROFESSIONAL PAINTING

By: */s/ Thomas/*
Crystal Nicole Thomas, Owner/CEO

Dated: November 30, 2007    SALTZMAN & JOHNSON LAW CORPORATION

By: */s/ Muriel Kaplan for/*
Michele R. Stafford
Attorneys for Plaintiffs

**IT IS SO ORDERED**

Dated: December 3, 2007

_____
UNITED STATES DISTRICT JUDGE

IT IS SO ORDERED
Judge Phyllis J. Hamilton
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

-6-
JUDGMENT PURSUANT TO STIPULATION
Case No.: C06-4626 WHA

# BAY AREA PAINTERS AND TAPERS
*Collection Referral for Delinquencies and Liquidated Damages*

Employer: CALIFORNIA PROFESSIONAL PAINTING
Employer ID/Account Number: 1031-01748000

| WORK MONTH | DUE DATE | Contribution DUE | AMOUNT PAID | Calculated Thru | PRINCIPAL BALANCE DUE | LD's @ 10% # of Days Late | 7% Interest calc. | TOTAL LD'S & INTEREST DUE | TOTAL BALANCE DUE | COMMENTS |
|---|---|---|---|---|---|---|---|---|---|---|
| 11/05 | 12/15/2005 | $789.12 | $0.00 | 11/21/2007 | $789.12 | $78.91 706 | $117.53 | $196.44 | $985.56 | Raul Hernandez |
| 1/06 | 02/15/2006 | $657.60 | $0.00 | 11/21/2007 | $657.60 | $65.76 644 | $89.34 | $155.10 | $812.70 | Raul Hernandez |
| 2/06 | 03/15/2006 | $1,101.48 | $0.00 | 11/21/2007 | $1,101.48 | $110.15 616 | $143.14 | $253.29 | $1,354.77 | Raul Hernandez |
| 3/06 | 04/15/2006 | $164.40 | $0.00 | 11/21/2007 | $164.40 | $16.44 585 | $20.29 | $36.73 | $201.13 | Raul Hernandez |
| 12/06 | 01/15/2007 | $279.84 | $0.00 | 11/21/2007 | $279.84 | $27.98 310 | $18.30 | $46.28 | $326.12 | Raul Hernandez |
| 11/06 | 12/15/2006 | $1,298.39 | $0.00 | 11/21/2007 | $1,298.39 | $129.84 341 | $93.40 | $223.24 | $1,521.63 | Larry Wilkes |
| 12/06 | 01/15/2007 | $1,124.72 | $0.00 | 11/21/2007 | $1,124.72 | $112.47 310 | $73.55 | $186.03 | $1,310.75 | Larry Wilkes |
| 1/07 | 02/15/2007 | $132.32 | $0.00 | 11/21/2007 | $132.32 | $13.23 279 | $7.79 | $21.02 | $153.34 | Larry Wilkes |
| 10/06 | 11/15/2006 | $874.50 | $0.00 | 11/21/2007 | $874.50 | $87.45 371 | $68.44 | $155.89 | $1,030.39 | Pascual Hernandez |
| 11/06 | 12/15/2006 | $411.01 | $0.00 | 11/21/2007 | $411.01 | $41.10 341 | $29.57 | $70.67 | $481.68 | Pascual Hernandez |
| 1/07 | 02/15/2007 | $0.00 | $1,399.20 | 02/15/2007 | ($1,399.20) | | | | ($1,399.20) | Over Reported hrs for P Hernandez |
| 2/07 | 03/15/2007 | $699.60 | $0.00 | 11/21/2007 | $699.60 | $69.96 251 | $37.04 | $107.00 | $806.60 | Pascual Hernandez |
| 4/07 | 05/15/2007 | $1,241.79 | $0.00 | 11/21/2007 | $1,241.79 | $124.18 190 | $49.77 | $173.95 | $1,415.74 | Pascual Hernandez |
| 5/07 | 06/15/2007 | $1,399.20 | $0.00 | 11/21/2007 | $1,399.20 | $139.92 159 | $46.93 | $186.85 | $1,586.05 | Pascual Hernandez |
| 8/06 | 09/15/2006 | $4,966.54 | $3,398.22 | 11/21/2007 | $1,568.32 | $496.65 432 | $171.08 | $667.74 | $2,236.06 | Interest based on acct bal. $1568.32 |
| 12/06 | 01/15/2007 | $4,675.19 | $0.00 | 11/21/2007 | $4,675.19 | $467.52 310 | $305.74 | $773.26 | $5,448.45 | Pascual Hernandez |
| 1/07 | 02/15/2007 | $7,927.10 | $0.00 | 11/21/2007 | $7,927.10 | $792.71 310 | $518.41 | $1,311.12 | $9,238.22 | Pascual Hernandez |
| 2/07 | 03/15/2007 | $1,958.88 | $1,958.88 | 04/20/2007 | $0.00 | $195.89 36 | $14.88 | $210.76 | $210.76 | |
| 3/07 | 04/15/2007 | $6,401.34 | $4,652.34 | 04/20/2007 | $1,749.00 | $640.13 5 | $6.75 | $646.89 | $2,395.89 | Interest based on acct bal. $1749.00 |
| 5/07 | 06/15/2007 | $1,399.20 | $1,749.00 | 05/15/2007 | ($1,749.00) | | $10.06 30 | $10.06 | ($1,738.94) | Payment |
| 5/07 | 06/15/2007 | $1,399.20 | $1,749.00 | 11/21/2007 | $1,399.20 | $139.92 159 | $46.93 | $186.85 | $1,586.05 | ER Submitted No Employees Worked |
| 6/07 | 07/15/2007 | $0.00 | $0.00 | | | | $0.00 | $0.00 | $0.00 | ER Submitted No Employees Worked |
| 7/07 | 08/15/2007 | $0.00 | $0.00 | | | | $0.00 | $0.00 | $0.00 | |
| 8/07 | 09/15/2007 | $0.00 | $0.00 | | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | ER Submitted No Employees Worked |
| 9/07 | 10/15/2007 | $3,038.40 | $3,038.40 | 10/22/2007 | $0.00 | $303.84 7 | $4.49 | $308.33 | $308.33 | ER Submitted No Employees Worked |
| Total | | $40,540.62 | $16,196.04 | | $24,344.58 | $4,054.06 | $1,873.45 | $5,927.51 | $30,272.09 | |

11/21/2007



Exhibit A